GEORGE DEB. KEIM, JAMES W. WEST and ROBERT MUNRO BOYD, JR., ancillary receivers of International Re-Insurance Corporation, a corporation of the State of Delaware, complainants-appellants,

*v.*

JACOB E. BROWN, DAVID BAIRD, JR., et al., defendants-respondents.

[Argued May 20th, 1936. Decided October 2d, 1936.]

*Mr. George D. Rothermel,* for the defendant-respondent David Baird, Jr.

*Messrs. Furst & Furst (Mr. George Furst,* of counsel), for the complainants-appellants.

The opinion of the court was delivered by

WOLFSKEIL, J. This appeal is from an order of the court of chancery refusing to strike the answer of David Baird, Jr., to a bill of complaint seeking to foreclose a mortgage.

The bill alleges that Baird entered into a written agreement with the Liberty Surety Bond Insurance Company, the then holder of the bond and mortgage, whereby he guaranteed payment of the principal, interest and other charges which might become due on the mortgage, and that he is made a defendant because of the guarantee agreement. The prayer is that the defendants, including Baird by special mention, be decreed to pay the amount claimed to be due and for a writ of subpœna commanding them to answer the allegations of the bill and abide by the decree.

Baird moved to strike the bill as against himself on the ground that there was no consideration to support the guarantee and when this motion was denied he filed an answer in compliance with the prayer of the bill. The answer admitted the execution and delivery of the bond and mortgage by the

mortgagor-obligor but interposed defenses which denied the execution and validity of the instrument of guarantee and denied that the amount claimed for principal and interest was due.

Appellants moved to strike the entire answer but conceded that one of the defenses was proper and admitted by stipulation that complainants are in possession of the property and have received certain moneys which should be credited on account of the principal and interest.

They contend that as a mortgage foreclosure is a proceeding *in rem,* the sole purpose of which is to sell the pledge, that is, the mortgaged premises, and to establish the amount of the deficiency, if any, Baird cannot be bound by anything that may occur in that foreclosure. Possibly this is so. He was vitally interested, however, in keeping in touch with the property, its ultimate sale and the proceedings leading up to it. He had been brought into the case on his guarantee and it would be an anomalous proceeding to hold that under such circumstances he could not interpose an answer denying that the mortgage was due and questioning the amount thereof.

Appellants rely upon the decision of this court in *Rose* v. *Jerome Harvey Development Co., 113 N. J. Eq. 161,* in which was involved a guarantee bond, but in that case it was expressly stated that it is proper for the defendant to answer provided he has an answer to make. Citing *Vanderbilt* v. *Kipp, 110 N. J. Eq. 10.*

Doubtless it was the intention of the complainants to hold Baird for any deficiency which might arise through the foreclosure, and so he was at least a proper party defendant under chapter 231 of the laws of 1932, which provides that no action shall be instituted against any party answerable on the bond unless he be joined in the proceedings to foreclose the mortgage. The constitutionality of this statute was recently upheld in the case of *Lapp* v. *Belvedere, 116 N. J. Law 563,* in which Mr. Justice Heher, who wrote the opinion for this court (at *p. 567*), said: "The evident legislative purpose was to afford the person liable upon the bond, through notice of the proceedings instituted to foreclose the collateral mortgage, timely opportunity to invoke measures for self protection, par-

ticularly in relation to the sale of the security upon which deficiency liability depends."

But while it was perfectly proper to make Baird a party defendant it is apparent that the allegation and prayer in the bill went far beyond the purpose of the statute. Had the complainants alleged that Baird had been joined in the suit merely for the purpose of giving him notice under the statute because of the guarantee agreement he could have defended only as to the amount due, but since they saw fit to charge him with liability for the mortgage debt and commanded him to answer under penalty of a decree against him, he was entitled to answer denying liability, because that was the reason for making him a party defendant. Then, too, the amount of the decree would be *res adjudicata* against him in a suit at law for deficiency, he being a party to the suit. *Datz* v. *Barry, 115 N. J. Eq. 84.*

The order appealed from is affirmed.

*For affirmance*—LLOYD, CASE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 7.

*For reversal*—THE CHIEF-JUSTICE, HEHER, PERSKIE, JJ. 3.